```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION


LAURIE L. MOLLOY,

     Plaintiff,

v.                                Case No. 8:09-cv-887-T-33AEP

CAROLYN W. COLVIN, Acting
Commissioner of the United
States Social Security
Administration,

     Defendant.
_____/
```

## ORDER

This matter is before the Court on consideration of the Petition for Award of Attorney Fees under 42 U.S.C. § 406(b) filed on June 25, 2014, by counsel for the Plaintiff. (Doc. # 27). The Commissioner does not oppose the relief sought in the Petition. For the reasons that follow, the Court grants the requested award of attorney fees.

**I.   Background**

Plaintiff initiated this action on May 13, 2009, seeking review of a decision of the Commissioner denying Social Security benefits. (Doc. # 1). On December 10, 2009, the Commissioner filed an unopposed motion to remand, requesting that the case be remanded under sentence four of 42 U.S.C. §

405(g) to the Commissioner for further action. (Doc. # 16). Accordingly, on December 14, 2009, this Court entered an Order reversing and remanding Plaintiff's case for further proceedings. (Doc. # 17). Plaintiff petitioned for an award of attorney fees under the Equal Access for Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. # 22), which was granted (Doc. # 23).

After the remand, Plaintiff eventually received an award of Social Security benefits by an Administrative Law Judge (ALJ) on June 21, 2013. (Doc. # 27 at 2). Following the issuance of the ALJ's favorable decision, the Social Security Administration (SSA) sent a letter to Plaintiff calculating the total amount of past due benefits as $86,125.00 "for June 2005 through October 2013." (Doc. # 27-4 at 2). The letter additionally explained that the SSA withheld for attorney fees $21,531.25 (Doc. # 27-4 at 3), which represents 25% of past due benefits, $6,000 of which has already been paid to Plaintiff's counsel, Marjorie Schmoyer, for her work at the administrative level in accordance with 42 U.S.C. § 406(a) (Doc. # 27 at 2). Accordingly, Plaintiff's counsel, Marjorie Schmoyer and Chantal Harrington, jointly seek the remainder ($15,531.25) of the 25% as compensation for their work in federal court.

2

**II. Discussion**

"Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and at court, are governed by prescriptions Congress originated in 1965." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002) (citing 42 U.S.C. § 406). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Id. at 794.

The Supreme Court has explained the operation of § 406(b) as follows:

> For proceedings in court, Congress provided for fees on rendition of "a judgment favorable to a claimant." The Commissioner has interpreted § 406(b) to "prohibit a lawyer from charging fees when there is no award of back benefits."
> As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the past-due benefits."
>
> \*   \*   \*
>
> [Section] 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are

3

>unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
>Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Id. at 795, 807-08 (internal citations omitted).

The Eleventh Circuit has held that "42 U.S.C. § 406(b) authorizes an award of attorney[ ] fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

Furthermore, as for cases in which EAJA fees have been awarded to counsel before counsel seeks an award of fees under § 406(b), the Eleventh Circuit has noted that "the Supreme Court concluded that Congress harmonized awards for attorney's fees under the EAJA with awards under § 406(b) by requiring the claimant's attorney 'to refun[d] to the

4

claimant the amount of the smaller fee.'" Id. (quoting Gisbrecht, 535 U.S. at 796).[1]

In this case, Plaintiff's counsel's requested award does not exceed the statutory cap imposed by Congress. Furthermore, there is no indication of any delay in this matter attributable to Plaintiff's counsel that would warrant a reduction in the requested fee and, notably, the Commissioner does not oppose the requested award as unreasonable. The efforts of Plaintiff's counsel have resulted in an award of over eight years in past-due benefits. Thus, in accordance with many other courts within the Eleventh Circuit, the Court finds Plaintiff's counsel's requested fee of $15,531.25 to be reasonable. See, e.g., Wysocki v. Comm'r of Soc. Sec., No. 6:06-cv-255-ORL-KRS, 2008 WL 1897601 (M.D. Fla. Apr. 28, 2008) (awarding $50,548.50, representing 25% of the accrued benefits awarded to plaintiff ($57,329.75) less EAJA fees previously awarded); Watterson v. Astrue, No. 3:06-cv-369-J-HTS, 2008 WL 783634, at *1 n.2 (M.D. Fla. Mar. 21, 2008) (awarding $28,767.10, equal to 25% of plaintiff's total award of benefits, and instructing that previously-awarded

---

[1] Counsel for Plaintiff indicate in the present Motion that, "if 406(b) fees are awarded in excess of the EAJA fees received, the undersigned will reimburse the claimant for the EAJA fees received in her case." (Doc. # 27-1 at 4).

5

EAJA fees be refunded to plaintiff). The Court therefore grants the Petition for Award of Attorney Fees under 42 U.S.C. § 406(b).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Petition for Award of Attorney Fees under 42 U.S.C. § 406(b) is **GRANTED.**

(2) The Court awards Plaintiff's counsel $15,531.25 in attorney fees under 42 U.S.C. § 406(b).

(3) Plaintiff's counsel shall refund to Plaintiff the $4,030.41 previously awarded under the EAJA. (See Doc. # 23).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of June, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record